[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS CT Page 1460
The plaintiff Israel Vega seeks to recover for personal injuries he claims to have suffered as a result of a motor vehicle accident which occurred on July 14, 1997. He was operating a car owned by his mother, the plaintiff Lourdes Roman, who claims property damage to her vehicle.
The defendants are the City of New Haven and Robert Hoffman, the latter having been employed by the City on the date of the accident. He was operating a City owned truck and the City does not deny the operation of the vehicle was in the course of his duties.
 DISCUSSION I
Addressing first the issue of liability, there appears to be no real dispute as to how the accident occurred Mr. Vega was operating his mother's car on Atwater Street in the Fair Haven section of New Haven As he came to the intersection of Atwater Street and Grand Avenue, he saw the City's truck parked on Grand Ave., facing easterly. He testified he stopped at the stop sign controlling Atwater Street traffic entering Grand Avenue, preparatory to turning left onto Grand to proceed easterly. Though Mr. Vega and Mr. Hoffman disagree as to the exact position of the truck, there is no question that Mr. Hoffman left the curb, pulling into the traffic lane going east. His front bumper struck the plaintiff's vehicle just behind the right front wheel, scrapping the car body from that point to the rear bumper.
From the photos offered in evidence by the plaintiffs and the defendants, the court concludes the contact was slight. This conclusion is supported by the testimony of Mr. Vega who stated he had stopped, looked up and down Grand Avenue and was proceeding in an easterly direction in first gear. Mr. Hoffman was also in low gear, just beginning to enter the traffic lane from the curb and moving very slowly.
In his statement at the scene and at trial, Mr. Hoffman indicated he never saw the plaintiff's vehicle until the impact. That fact, coupled with the fact that the truck was leaving the curb, would support the conclusion that the defendant Hoffman was at fault. The court so concludes and finds the defendants liable CT Page 1461 for the accident.
 II
Turning to the question of damages, the court will address first the property damage claim and then the personal injury claim.
 A
The vehicle was not repaired and no repair estimates were offered. Mr. Vega did testify that he went to a garage with the car and upon learning the cost of repair, the repair was not pursued. He also state that the car had been purchase about two months prior to the accident for $650.00. The vehicle, a 1986 manual shift Chevrolet, was obviously totaled" in this occurrence. This conclusion is supported by the plaintiff's photos.
The court concludes that the plaintiff Roman is entitled to recover the sum $600.00 for the damage incurred by her vehicle.
 B
The personal injury claim of Mr. Vega is beset with problems, not the least of which is that the court finds from the photographic evidence and the testimony of both drivers that the contact between the vehicles was slight. The court would described it as the truck "nicking" the car.
The court is confronted with serious problems of proof with respect to specific injuries allegedly sustained.
Mr. Vega's hospital evaluation on the day of the accident was unremarkable, x-rays were negative and no medication was prescribed. There, he complained of neck and right knee pain.
No pain medication was prescribed by Dr. Turkalo who first saw Mr. Vega on July 18, 4 days after the accident. An intensive therapy schedule didn't commence until July 21, but once instituted it continued for 29 visits, ending on October 27, 1997.
While Mr. Vega stated his left shoulder struck the side of his vehicle, the report of Dr. J.K. Turkalo addresses a bruise to CT Page 1462 the right shoulder. The same report talks about right lower leg bruises, but Mr. Vega only complained of striking his right knee.
Counsel for Mr. Vega argue that the discrepancies between the plaintiff's testimony and the report are due to Mr. Vega's inability to speak English. The court cannot speculate as to a different interpretation of evidence, as suggested by counsel.
The court is also skeptical about the need for the numerous therapy visits, especially in light of the single sparse report of the treating physician. That report refers to "active exercises" which were recommended and were to accompany physical therapy. No testimony was offered on this subject. In fact, the plaintiff indicated he was basically inactive.
The schedule of therapy treatments and the lack of an explanation for them strongly suggests over-treatment for what may well have been feigned or exaggerated injuries. The bill for $2,240 has not been justified.
Mr. Vega also claims lost wages of $200 for one week and he incurred the E.R. expenses of $513.10.
It is the conclusion of the court that a reasonable and equitable award for Mr. Vega is $2,252.40.
___________________________ Anthony V. DeMayo Judge Trial Referee